IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Antonio Saunders, )
    Plaintiff, )
     )
v. ) 1:07cv501 (LMB/BRP)
     )
Buckner, et al., )
    Defendants. )

FILED OCT 23 2007 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Antonio Saunders, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis. By Order dated June 1, 2007, plaintiff was directed to pay the $350.00 filing fee or submit a new application to proceed in forma pauperis, as well as to particularize and amend his complaint. Plaintiff failed to comply with that Order, and therefore, the Court dismissed this action on July 9, 2007. On July 18, 2007, after a series of transfers and attendant difficulties in obtaining exhaustion evidence, plaintiff submitted an amended complaint, evidence of administrative exhaustion, and a new application to proceed in forma pauperis. By Order dated August 1, 2007, the July 9, 2007 Order was vacated, and plaintiff was directed to sign and return a form indicating his consent to the collection of fees from his inmate account. Then, by Order dated August 17, 2007, a consent form was sent to plaintiff at his new correctional institution. Plaintiff has submitted his signed consent form.

In his amended complaint, plaintiff alleges that (1) defendants Buckner, Clay, Bynum, Edwards, and Budd used excessive force on him, which resulted in serious injuries; (2) defendants Simmons, E. Smither, and Wilkins failed to protect plaintiff from being beaten by fellow inmates; (3) defendant Johnson threatened him; (4) defendant Ward harassed him in retaliation for his

grievances; and (5) Officer Exon and Nurse Haythe failed to provide adequate medical care. Upon review of plaintiff's amended complaint, defendant Stith and claims 3, 4, and 5 must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I. Background

In his amended complaint, plaintiff alleges that on December 20, 2006, while he was incarcerated at Hampton Roads Regional Jail, defendants Simmons and Esmither watched while plaintiff was attacked by another inmate. Compl. 3. Plaintiff claims that when he realized that neither officer was going to come to his aid, he tried to fight back. Compl. 4. Following the December 20, 2006 incident, plaintiff was moved to the medical unit where he remained until February 8, 2007. Compl. 6. On February 8, 2007, plaintiff claims that Sgt. Johnson threatened to "gas him out" if he did not pack up his things to move to a different housing unit. Compl. 7. According to plaintiff, Sgt. Johnson never carried out this threat. Id. While plaintiff was being moved in full restraints with his hands handcuffed behind his back, Officers K. Clay and Buckner allegedly body slammed him causing his chin to "bust open and leak a puddle of blood." Id.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

2

"Officer Buckner kicked [plaintiff] in [his] face and put his foot on [plaintiff's] neck and side of [his] head while Officer Clay twisted [plaintiff's] wrist and arms." Id. After this alleged beating, plaintiff claims that he was taken to the medical clinic where Officer Buckner grabbed him by the shirt, pushed him against the wall, and caused his head to hit wall numerous times. Compl. 8.

On or about February 18, 2007, plaintiff alleges that he was again beaten by fellow inmates. Compl. 9. Plaintiff claims that he approached Officer Exon and requested medical attention. Id. Plaintiff alleges that initially, Exon did not assist him, but plaintiff admits that before finishing his shift, Exon opened plaintiff's cell, tended to his injuries, and packed up his property. Compl. 9-10. Officer Stith[2] replaced Officer Exon during a shift change and promptly brought plaintiff to Sgt. Wilkins so plaintiff could make a statement about being beaten by fellow inmates. Sgt. Wilkins told plaintiff that she would have him moved to a safe place after he received medical attention for his injuries. Compl. 10. However, plaintiff claims that Wilkins "abused her discretion by ordering that [he] be placed back into the same housing unit where he was attacked." Compl. 11.

While being taken back to a housing unit after receiving medical attention, Officers Bynum, Edwards, and Budd "used force to put handcuffs" on plaintiff. Compl. 11. Specifically, plaintiff claims that Officer Bynum punched him under his right eye with the handcuffs, Officer Budd punched him in his ribs and stomach, and Officer Edwards "sat his 300 pounds [sic] body on the plaintiff's chest and face suffocating him ..." Id. Following this incident, plaintiff was again taken to the clinic for medical attention. Compl. 12. Plaintiff alleges that he told Nurse Haythe that he had

---

[2] Plaintiff lists Officer Stith as a named defendant in his amended complaint. However, plaintiff does not allege or aver facts establishing that Stith violated his constitutional rights. Thus, Officer Stith will be dismissed as a defendant in this action. See West v. Atkins, 487 U.S. 42 (1988).

just been in the clinic after being attacked by inmates, that he was back because he had been attacked by Officers Bynum, Budd, and Edwards, and that he was in pain. Id. He alleges that Nurse Haythe told Officer Bynum to take plaintiff out of the clinic because he did not need any medical attention. Compl. 13. Finally, plaintiff claims that Sgt. Ward harassed him in retaliation for filing grievances, but plaintiff provides no information or documentation to substantiate this claim. Compl. 5.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Analysis

Although district courts have a duty to construe complaints by pro se litigants liberally, those complaints must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Moreover, plaintiff must allege that each named defendant had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights

4

for the action to proceed against that defendant. Plaintiff's amended complaint enumerates five claims. Because claims 3, 4, and 5 do not allege a cause of action under § 1983 against the named defendants, these claims will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

A. Claims 3 and 4 - Threats and Harassment

Any harassing or threatening comments made by defendants Johnson or Ward do not establish an Eighth Amendment claim for cruel and unusual punishment. Verbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, No. 89-6650, 1989 WL 107004, at *1 (4th Cir. Sept. 19, 1989). A verbal threat combined with action apparently designed to carry out that threat, however, may state an Eighth Amendment claim. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Plaintiff has not connected any comments by defendants Johnson or Ward with any physical harm. In fact, plaintiff admits in his amended complaint that Johnson never carried out any threats he alleges. Compl. 7. Moreover, besides his conclusory statement that he was harassed by Sgt. Ward in retaliation for filing grievances, plaintiff does not describe or detail any harassment or retaliation he suffered as a result of Ward's threat. Compl. 5. Accordingly, plaintiff has failed to state a claim against defendants Johnson and Ward, and claims 3 and 4 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

B. Claim 5 - Failure to Provide Adequate Medical Care

Liberally construed, plaintiff alleges in claim 5 that Officer Exon and Nurse Haythe failed to provide plaintiff with necessary medical attention. Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v.

Gamble, 429 U.S. 97, 104-05 (1976). However, in order to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Virginia Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). An assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Following one of the beatings that plaintiff alleges he suffered, he approached Officer Exon and requested medical attention. Compl. 9. Although plaintiff claims that Exon did not assist him immediately, plaintiff admits that before finishing his shift, Exon opened plaintiff's cell, tended to his injuries, and packed up his property; plaintiff does not allege that any injury resulted from this delay in treatment. Compl. 9-10. Because Exon provided assistance to plaintiff soon after the alleged beating occurred, and because plaintiff does not claim that any injury resulted from this minor delay in treatment, plaintiff fails to state a claim of deliberate indifference against defendant Exon, and claim 5 will be dismissed as to defendant Exon pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also claims that after being beaten by Officers Bynum, Budd, and Edwards, Nurse Haythe failed to provide him with adequate medical attention. Compl. 12-13. Yet, plaintiff acknowledges that Nurse Haythe took the time to see him, listened to him describe his injuries, and determined that he did not need further medical attention. Although plaintiff may have disagreed

6

with Nurse Haythe's diagnosis and treatment, plaintiff's mere disagreement is not sufficient to state an Eighth Amendment violation. Thus, claim 5 must be dismissed as to defendant Haythe pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### IV. Initial Filing Fee

Claims 1 and 2 of plaintiff's complaint remain, and plaintiff has consented to pay an initial filing fee and to make subsequent payments, pursuant to 28 U.S.C. § 1915(b), until he has paid the full filing fee. As plaintiff has a negative balance in his account, he will not be required to pay an initial filing fee. However, plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

### V. Motion for Appointment of Counsel

Also before the Court is plaintiff's Motion for Appointment of Counsel, which is included in his amended complaint. A court may request an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Fourth Circuit, however, has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as cases with particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). It is unnecessary at this time to appoint counsel for plaintiff. Plaintiff has made no showing of "exceptional circumstances" in his case that would warrant appointment of counsel. To date, plaintiff has ably filed his pleadings and replied to the Court's various orders. Thus, his Motion for Appointment of Counsel will be denied.

## VI. Conclusion

For the above reasons, plaintiff has failed to state a claim against defendant Stith or any of the named defendants in claims 3, 4, and 5. Accordingly, those claims will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this 23rd day of October 2007.

Alexandria, Virginia

/s/ Leonie M. Brinkema
United States District Judge